# UNITED STATES DISTRICT COURT
for the
Western District of New York

IN THE MATTER OF THE APPLICATION OF
THE UNITED STATES OF AMERICA FOR
AUTHORIZATION TO OBTAIN LOCATION
DATA CONCERNING T-MOBILE/MetroPCS
CELLULAR TELEPHONE ASSIGNED CALL
NUMBER 917-588-1875 ("TARGET TELEPHONE")

15 mj 653

*FILED SEP 22 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY*

## APPLICATION FOR A LOCATION DATA WARRANT

I, a federal law enforcement officer or an attorney for the government, request a warrant and Addendum Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), and state under penalty of perjury that I have probable cause to believe that ascertaining the physical location of the following cellular telephone, by obtaining the requested cell site information, will constitute or lead to evidence of violations of criminal law and/or aid in the execution of an arrest warrant, the cellular telephone being specifically described as follows:

T-MOBILE/MetroPCS CELLULAR TELEPHONE ASSIGNED CALL NUMBER 917-588-1875, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY 310260633277449 ("TARGET TELEPHONE").

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ___ evidence of a crime;
  ___ contraband, fruits of crime, or other items illegally possessed;
  ___ property designed for use, intended for use, or used in committing a crime;
  _X_ a person to be arrested or a person who is unlawfully restrained.

The warrant is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery conspiracy and attempt |
| 18 U.S.C. § 924(c)(1)(A)(ii) | Use of Firearm During and In Relation to a Crime of Violence |

The application is based on these facts:   See attached affidavit.
  ■ Continued on the attached sheet.
  ■ Delayed notice of ___30___ days (give exact ending date if more than 30 days: _____)
    is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

ANDREW J. JASIE, FBI TASK FORCE OFFICER
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 22, 2015

_____
*Judge's signature*

City and State: Rochester, New York

JONATHAN W. FELDMAN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION OF
THE UNITED STATES OF AMERICA FOR
AUTHORIZATION TO OBTAIN LOCATION
DATA CONCERNING T-MOBILE/MetroPCS
CELLULAR TELEPHONE ASSIGNED CALL
NUMBER 917-588-1875 ("TARGET TELEPHONE")

AFFIDAVIT IN SUPPORT OF APPLICATION FOR WARRANT
FOR CELLULAR TELEPHONE LOCATION DATA

STATE OF NEW YORK   )
COUNTY OF MONROE    ) SS:
CITY OF ROCHESTER   )

Your affiant, Andrew J. Jasie, having been duly sworn, states the following:

1. I am a Task Force Officer (TFO) with the FBI Buffalo Division, Rochester Area Major Crimes Task Force (hereinafter referred to as the "Task Force"). As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1).

2. In addition to my designation as a Task Force Officer with the FBI, I have been employed by the New York State Police for 16 years. I have been an investigator with the New York State Police for the last 11 years. During that time, I have participated in investigations involving drug trafficking, fugitives, and Hobbs Act robbery offenses. In

addition, I have had the opportunity to work with other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated drug trafficking networks, fugitives, and robbery cases. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. I am one of the case agents on a prosecution with the current objective of locating and arresting one of the defendants, Rico D. McGEE, a/k/a Reco McGee ("McGEE"), based on a Superseding Indictment warrant for his arrest, dated September 821, 2015, issued in W.D.N.Y. Case Number 15-CR-6079FPG.

3.   I submit this affidavit in support of an application for a warrant and Court Order (constituting an addendum to the warrant) pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), directing wireless service provider T-Mobile USA, Inc., DBA MetroPCS ("T-Mobile"), a company headquartered in Bellevue, Washington, to assist agents of the FBI by providing all information, facilities, and technical assistance needed to ascertain the physical location of the cellular telephone assigned call number 917-588-1875, with International Mobile Subscriber Identifier ("IMSI") 310260633277449, a prepaid telephone subscribed to in the name James White, 2021 Lexington Avenue, New York, NY, 10035-2223, effective 9/11/15 ("TARGET TELEPHONE"), including, but not limited to, all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors"

2

(i.e., faces of the towers) received a radio signal from the cellular telephone ("cell site information") concerning the Target Telephone,[1] for all voice and SMS (text messaging) communications (the "Requested Information") for a period of thirty (30) days.

4. I base this affidavit on (a) my personal knowledge and involvement in this investigation, (b) my review of telephone and other records related to McGEE, (c) information provided to me by FBI investigators and other law enforcement officers, and (d) my experience and training as a criminal investigator. This affidavit includes only those facts that I believe are necessary to support the application for the warrant and Court Order addendum described above and does not include all of the facts uncovered during the investigation.

5. On July 21, 2015, a superseding indictment was returned in the United States District Court for the Western District of New York in Case No. 15-CR-6079FPG charging Rico D. McGEE and another individual with Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), two counts of attempted Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2, and one count of use of a firearm during and in relation to crimes of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. An arrest warrant for McGEE was issued on the same

---

[1] In requesting cell site information, the government does not concede that such cell site records -- routinely retained by wireless carriers as business records -- may only be obtained via a warrant issued on probable cause. See In re Application, 460 F.Supp.2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) & 3121 et seq.).

3

date and an amended arrest warrant for McGee was issued on September 8, 2015. Special Agents from the FBI and other law enforcement personnel, who personally have participated in the investigation leading to the superseding indictment, have made attempts to locate McGEE. To date, those efforts to locate McGEE have proven to be unsuccessful. This application is submitted to enable law enforcement officers to execute the open arrest warrant for McGEE issued in this Court.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that McGEE has violated Title 18, United States Code, Sections 1951(a) and 2, and Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. McGEE was charged with these crimes on July 21, 2015, and is the subject of an arrest warrant. There is also probable cause to believe that McGEE is aware of these charges and has fled. There is also probable cause to believe that the Requested Information sought here will assist law enforcement in arresting McGEE, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4):

    a. On June 22, 2015, law enforcement conducted City of Rochester records checks related to McGEE. Within those records, a report dated February 16, 2015, was located. The report was in relation to a domestic incident involving McGEE and Bianca Ervin.

    b. On or about August 4, 2015, Investigator Joshua Bowman of the Gates Police Department, who is assigned to assist with this investigation

4

involving McGEE, attempted unsuccessfully to meet with Bianca Ervin and left his contact information for her to respond to him. Ervin thereafter called Investigator Bowman on August 6, 2015, at approximately 4:31 P.M., from telephone 585-532-4689. Due to difficulties with the sound quality of the call, Ervin called Bowman back again, at approximately 4:33 P.M., from telephone 585-489-4635. Ervin told Bowman that she was the girlfriend of McGEE. Ervin stated that McGEE had moved to New York City approximately three weeks prior, because McGEE knew he was being "looked at." Bowman requested that Ervin contact McGEE and have McGEE call Bowman. Ervin agreed to give McGEE the message. Neither Ervin nor McGEE called Bowman back.

c. On August 17, 2015, in response to a subpoena for subscriber records relating to accounts associated with the user name Reco McGee, Facebook provided information for an account with Facebook ID number 100009903937909, which was opened on or about July 9, 2015. The telephone number associated with the account is 917-588-1875. Your affiant has seen the profile picture on the account and recognizes it to be Rico D. McGEE. Your affiant has also seen a message posted by McGEE on this account on August 8, 2015, stating "Right 9175881875 call me."

5

d. A subpoena was subsequently issued to Cellco Partnership DBA Verizon Wireless ("Verizon") for records related to cellular telephone number 917-588-1875. The call detail records included in the subpoena response show that on August 6, 2015, at approximately 4:35 P.M., telephone number 585-532-4689 called the mobile cellular telephone facility bearing the telephone number (917) 588-1875, with Verizon phone identifier A0000047DB4F03, a prepaid telephone subscribed to in the name James Wright, PO Box 123, Folsom, CA, effective 7/4/15, and previously subscribed to Robert A. Cutick, 292 Degraw Street, Brooklyn, NY, effective 1/31/13 through 7/4/15 ("Verizon Target Cell Phone"). The call duration was approximately 35 seconds. A second call to 917-588-1875 from 585-532-4689 occurred moments later, lasting approximately 30 seconds. At 4:36 P.M., Verizon Target Cell Phone 917-588-1875 called 585-532-4689 and the call lasted approximately 87 seconds. Your affiant believes these records reflect Bianca Ervin reaching out to McGEE immediately after speaking with Investigator Bowman and getting a call back from McGEE shortly after she attempted to contact him.

e. There is probable cause to believe that McGEE is aware that there is an arrest warrant outstanding for him and has fled. In addition to Bianca Ervin's statements about McGEE moving to New York City because he

6

knew he was being "looked at," it is likely that, before he left Rochester in July 2015, McGEE was aware of the arrests in Rochester of Anthony Pritchett in late December 2014 by the Rochester Police Department and Aaron Rucker in late May 2015 by the FBI for participation in a November 2014 home invasion attempted robbery in Rochester for which McGEE allegedly played a role as the driver. This event is the subject of Counts 1 and 3 of the pending Superseding Indictment naming McGEE.

f. On September 4, 2015, at 2:07 p.m., a location data warrant was issued by this Court, under Magistrate's Case No. 15-mj-633, authorizing the FBI to obtain from Verizon prospective cell-site data and RTT data (a form of Per Call Measurement Data which further narrows down the location of a telephone within the specific coverage area of a cell tower and sector) relating to the Verizon Target Cell Phone. On the same date, this Court issued an order, under Magistrate's Case No. 15-mj-634, authorizing the use of a pen register and trap and trace device on the Verizon Target Cell Phone without geographic limitation within the United States. The cell-site data obtained from Verizon for the period from the issuance of the location data warrant on September 4, 2015, until September 10, 2015, at 8:55 a.m., indicates that the Verizon Target Cell Phone was in the greater New York City area

7

during that entire time period and never left the area. McGEE has a New York State driver license in the name Reco D. McGee, date of birth 8/11/81, using the address 2340 Adam Clayton Powell Jr. Boulevard, New York, New York 10030, and the primary cell tower that the Verizon Target Cell Phone connected to throughout the period, according to the cell-site data received from Verizon, is in the area of that address.

g. Verizon notified the FBI that the Verizon Target Cell Phone was ported to MetroPCS, a brand operated by T-Mobile, on September 11, 2015. Porting is the process of switching telephone service providers while keeping your existing phone number.

h. Your affiant has received subscriber information and records relating to the Target Telephone subpoenaed from T-Mobile. The Target Telephone is a prepaid telephone, with International Mobile Subscriber Identifier ("IMSI") 310260633277449, subscribed to in the name James White, 2021 Lexington Avenue, New York, NY, 10035-2223. The Target Telephone was activated on September 11, 2015, and is still active. Your affiant has reviewed toll records for the Target Telephone for the period from September 11 to September 15, 2015, which show calls being made to and received from the (585) area code.

8

      i. Based on the information outlined above, and based on my training and experience, your affiant submits that there is probable cause to believe that McGEE is using the Target Telephone. Based on my training and experience, I know that fugitives often utilize cellular telephone accounts that are not subscribed to them in order to avoid detection by law enforcement officers and to avoid apprehension. I also know from my training and experience that fugitives often maintain contact with family members and close associates in a covert manner by using such phones.

7. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the telephone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a

9

half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

8. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Telephone, including by initiating a signal to determine the location of the Target Telephone on T-Mobile's network or with such other reference points as may be reasonably available.

9. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Telephone.

10. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Addendum Order authorizing members of the FBI to obtain the Requested Information for a period of thirty (30) days.

11. IT IS FURTHER REQUESTED that the Court direct T-Mobile to assist agents of the FBI by providing all information, facilities and technical assistance needed to ascertain the Requested Information, and further direct T-Mobile, the service provider for the Target Telephone, to initiate a signal to determine the location of the Target Telephone on

the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed warrant and Addendum Order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user of the Target Telephone, for a period of thirty (30) days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

12. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant and Addendum Order at any time of the day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

13. IT IS FURTHER REQUESTED that the search warrant and Addendum Order, search warrant application, and this affidavit, and any other Orders, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the FBI, and any other law enforcement agency designated by the United States Attorney's Office.

14. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a

period of **30** days after the termination of the monitoring period authorized by the warrant and Addendum Order, or any extensions thereof, because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). The proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

15. IT IS FURTHER REQUESTED that the Court direct that this warrant and Addendum Order apply to any changed cellular telephone call number subsequently assigned to the Target Telephone within the period of this warrant.

Andrew J. Jasie
Task Force Officer
Federal Bureau of Investigation
Rochester, New York

Subscribed and sworn to before me
this 22 day of September, 2015.

HON. JONATHAN W. FELDMAN
United States Magistrate Judge
Western District of New York

12